UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL BRIENZA,

    Plaintiff,

v.                                            Case No. 8:07-cv-487-T-24-MAP

DAVID GEE, in his official capacity as Sheriff
of Hillsborough County, and Deputy IRA
BRIDWELL, in his individual capacity,

    Defendants.
_____/

## O R D E R

This cause comes before the Court on Defendants' Dispositive Motion for Summary Judgment. (Doc. No. 20.) Plaintiff has filed a response in opposition. (Doc. No. 35.)

**I.    Background**

On October 9, 2003, at approximately 11:30 p.m., Plaintiff Daniel Brienza ("Brienza") was pulled over for speeding. (Brienza Depo. at 25, 31.)[1] Defendant, Deputy Ira Bridwell ("Deputy Bridwell") was the officer conducting this traffic stop. (Id. at 30.) Brienza stopped his truck at a position where his truck was still on the road, to the left of a stop sign, with the front of his truck angled to the right at a point just beyond the stop sign. (Id. at 30.)

Deputy Bridwell then approached Brienza's truck, and Brienza remained in his truck during his initial interaction with Deputy Bridwell. (Id. at 30.) Deputy Bridwell asked Brienza for his license and registration, and stated that he detected the odor of alcohol on Brienza's breath. (Id. at 31.) Brienza informed Deputy Bridwell that this wasn't possible, because he

---

[1]Daniel Brienza's deposition was filed by Defendants as Exhibit 2 to their motion for summary judgment, and can be found in the record at documents 23 and 24.

didn't drink, and that maybe what Deputy Bridwell was smelling was mouthwash. (Id.) Deputy Bridwell then conducted a preliminary "horizontal gaze nystagmus" ("HGN") test on Brienza.[2] (Bridwell Depo. at 37-38.)[3] Deputy Bridwell observed that Brienza had a slight nystagmus in his eyes, and so he asked Brienza to exit his truck and to step around to the back of the truck. (Brienza Depo. at 37-41.) Once Brienza was outside of the truck, Deputy Bridwell administered a full HGN test. (Id. at 41.) Deputy Bridwell observed that Brienza lacked smooth pursuit in both eyes, had a distinct nystagmus at maximum deviation in both eyes, and had an angle of onset prior to forty-five degrees in both eyes. (Bridwell Depo. at 44-45.)

Deputy Bridwell then conducted two field sobriety tests. (Brienza Depo. at 41.) The first was the "Walk and Turn" exercise. (Bridwell Depo. at 48-49, 56-58.) During this exercise, Deputy Bridwell noted that Brienza failed to keep his balance while listening to the instructions, started the exercise before the instructions were finished, did not touch heel to toe, and turned

---

[2]Horizontal gaze nystagmus test, or HGN test, is useful in detecting both alcohol and drugs, and is especially valuable because it detects lower levels of intoxication.

"Nystagmus is an involuntary jerking of the eyeball. The jerking may be aggravated by central nervous system depressants such as alcohol or barbituates. Horizontal gaze nystagmus is the inability of the eyes to maintain visual fixation as they are turned to the side.

In the HGN test the driver is asked to cover one eye and focus the other on an object—usually a pen—held by the officer at the driver's eye level. As the officer moves the object gradually out of the driver's field of vision toward his ear, he watches the driver's eyeball to detect involuntary jerking. The test is repeated with the other eye. By observing: (1) the inability of each eye to track movement smoothly; (2) pronounced nystagmus at maximum deviation; and (3) onset of the nystagmus at an angle less than 45 degrees in relation to the center point, the officer can estimate whether the driver's blood alcohol content exceeds the legal limit."

John P. Ludington, LL.B., Annotation, *Horizontal Gaze Nystagmus Test: Use in Impaired Driving Prosecution*, 60 A.L.R. 4th 1129 (1988).

[3]Deputy Ira Bridwell's deposition was filed by Defendants as Exhibit 1 to their motion for summary judgment, and can be found in the record at documents 21 and 22.

improperly.  (Id.)  The second field sobriety test that Deputy Bridwell administered was the "One Leg Stand" exercise.  (Id. at 53-55.)  Deputy Bridwell noted that Brienza swayed front to back while balancing and failed to follow the instructions regarding how to hold his foot off the ground.  (Id.)  Specifically, Deputy Bridwell instructed Brienza to hold his foot above the ground six inches and point his toe forward, keeping his knee locked.  (Id.)  Brienza instead bent his knee with his foot behind his back.  (Id.)  Brienza believes that he passed both field sobriety tests, but does not dispute that he failed to follow Deputy Bridwell's instructions on how to perform the field sobriety tests.  (Brienza Depo. at 41-42.)

After completing the sobriety tests, Deputy Bridwell determined that there was probable cause to believe that Brienza was impaired and in violation of Florida Statutes, Section 316.193.  (Doc. No. 20, Exh. 4 at 4.)  Deputy Bridwell then arrested Brienza, and transported him to the Hillsborough County Sheriff's Office Orient Road Facility.  (Brienza Depo. at 42, 44.)  While at the Orient Road Facility, Brienza was given a breath test, the result of which showed that Brienza was 0.00% for blood alcohol content.  (Id. at 45-46.)  Brienza was also given a urinanalysis, the results of which were also negative.  (Id. at 46, Doc. No. 20, Exh. 4 at 20.)  After being held at the Hillsborough County Sheriff's Office Orient Road Facility for approximately fourteen hours, Brienza was released.  (Doc. 1, ¶ 20.)

On June 28, 2006, Brienza filed a complaint against Defendants David Gee and Ira Bridwell (jointly, "Defendants") in state court, and Defendants thereafter filed their notice of removal.  Brienza's complaint asserts two Counts.  (Doc. No. 2.)  In Count I, Brienza sues Deputy Bridwell in his individual capacity, and claims that Deputy Bridwell violated 42 U.S.C. § 1983 by arresting him without probable cause.  (Id., ¶ 19.)  In Count II, Brienza sues Defendant David Gee ("Gee") in his official capacity, and claims that Deputy Bridwell's arrest of him was

without probable cause and thus constituted false arrest, and that Gee, as the Sheriff for Hillsborough County, is liable for such false arrest pursuant to Section 768.28 of the Florida Statutes.  (Id., ¶ 24.)

Defendants now move for summary judgment on the grounds that Bridwell is entitled to qualified immunity, and that both of Brienza's claims are barred by the existence of probable cause to arrest Brienza at the time of the incident.

**II.     Standard of Review**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor.  See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted).

**III.    Analysis**

    **A.     42 U.S.C. § 1983**

Qualified immunity allows government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation.  Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002)(quoting Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002)).  To receive qualified immunity, the government official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful act occurred.  Lee, 284 F.3d at 1194 (citing Courson v. McMillian, 939 F.2d 1479, 1487 (11th Cir. 1991)).  In the instant case, there is no dispute over whether Deputy Bridwell was acting within his discretionary authority when he arrested Brienza.

"Once the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." Lee, 284 F.3d at 1194. The Supreme Court has set forth a two-part test for the qualified immunity analysis. "The threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation." Hope v. Pelzer, 536 U.S. 730, 736 (2002)(citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). If a constitutional right would have been violated under the plaintiff's version of the facts, "the next, sequential step is to ask whether the right was clearly established." Saucier, 533 U.S. at 201.

The Fourth Amendment to the United States Constitution protects individuals from unreasonable search and seizure. U.S. CONST. amend. IV. It is clearly established that an arrest made without probable cause violates the Fourth Amendment. Thornton v. City of Macon, 132 F.3d 1395, 1399 (11th Cir. 1998)(citations omitted). As such, this Court's inquiry focuses on the first step of the qualified immunity analysis – whether Brienza's constitutional rights were violated.

In determining whether qualified immunity exists, the issue is "not probable cause in fact but 'arguable' probable cause." Von Stein v. Brescher, 904 F.2d 572, 579 (11th Cir. 1990)(citations omitted). Actual probable cause is not necessary for an arrest to be objectively reasonable. Id. Indeed, "it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and . . . in such cases those officials . . . should not be held personally liable." Anderson v. Creighton, 483 U.S. 635, 641 (1987). Arguable probable cause exists where "reasonable officers in the same circumstances and possessing the same knowledge as [Deputy Bridwell] could have believed that probable cause existed to arrest" Brienza for driving under the influence in violation of Section 316.193 of

5

the Florida Statutes. Kingsland v. City of Miami, 382, F.3d 1220, 1232 (11th Cir. 2004)(quoting Von Stein v. Brescher, 904 F.2d at 579). The Court finds that reasonable officers could have so believed.

The undisputed evidence reveals that when Deputy Bridwell pulled Brienza over at 11:30 p.m. for speeding, Brienza stopped his truck in an unusual position. Instead of pulling over onto the side of the roadway as is customary, Brienza stopped his truck on the road, to the left of a stop sign, with the front of his truck angled to the right at a point just beyond the stop sign intruding slightly into the crossroad. Additionally, the undisputed evidence reveals that Deputy Bridwell smelled something on and around Brienza. Brienza explained that the smell was possibly mouthwash. Deputy Bridwell states that citing mouthwash as an excuse for smelling like alcohol is frequently used in DUI scenarios. The undisputed evidence further shows that Brienza failed to properly follow the instructions of the field sobriety tests that Deputy Bridwell administered.[4]

Based upon these undisputed facts, the Court finds that reasonable law officers, possessing the same knowledge and the same circumstances as Deputy Bridwell, could have believed that arguable probable cause existed for Brienza's arrest for driving under the influence. As such, Deputy Bridwell is entitled to qualified immunity. The Court grants summary judgment in favor of Deputy Bridwell on Brienza's claim for violation of 42 U.S.C. § 1983.

**B.    False Arrest**

This Court has found that Deputy Bridwell is entitled to summary judgment on Brienza's claim for a violation of 42 U.S.C. § 1983, and all that remains is Brienza's claim against Gee for

---

[4] Brienza contends that Deputy Bridwell cannot express his opinion on the results of the HGN test because he is not a certified drug recognition expert, and therefore is not permitted to offer such testimony. As such, the Court will not consider the results of the HGN test.

false arrest, pursuant to Section 768.28 of the Florida Statutes.  Because the only remaining claim in this action is Plaintiff's Florida state law claim, the Court declines to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c).

Accordingly, it is ORDERED AND ADJUDGED that Defendants' Dispositive Motion for Summary Judgment (Doc. No. 20) is GRANTED as to Defendant Ira Bridwell.  Plaintiff Daniel Brienza's remaining Florida state law claim is remanded to the state court where it was originally filed.  The Clerk is directed to enter judgment in favor of Defendant Ira Bridwell, remand the case to the state court where it was originally filed, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of March, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record